PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FRANK M. KALAN, | ) |
|           Plaintiff, | ) CASE NO. 4:23 CV 01654 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| CITY OF YOUNGSTOWN, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
|           Defendant. | ) |

## I. Background

*Pro se* plaintiff Frank M. Kalan filed this civil rights action against the City of Youngstown. ECF No. 1. Accompanying the complaint is Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), which the Court grants.

Plaintiff's complaint does not say much. In the statement of claim, Plaintiff alleges only "house of 166 Earle St. (or 116 W. Earle) Demolished." ECF No. 1 at PageID#: 4. He appears to claim that this demolition violated the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. *See* ECF No. 1 at PageID#: 3. For relief, Plaintiff lists house, contents, and demolition followed by dollar amounts with no explanation of the type of damages sought or the reasons he is entitled to those amounts.

## II. Standard for Dismissal

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct.

(4:23CV01654)

594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986). In reviewing a complaint, the Court must construe the pleading in the light most

2

(4:23CV01654)

favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendant fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *Id.*

Here, the complaint, when liberally construed, fails to meet basic pleading standards of Rule 8. The complaint seems to allege that Defendant harmed Plaintiff but provides no salient details. In other words, Plaintiff's pleading fails to provide the minimal short and plain statement of the claim showing that he is entitled to relief. Rather, the complaint merely alleges "unadorned, the defendant unlawfully harmed me accusation," without informing the Court of Plaintiff's reasons or giving the defendant sufficient notice. *Iqbal*, 556 U.S. at 678. In sum, the complaint fails to state a claim on which the Court may grant relief.

(4:23CV01654)

## IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and dismisses the case pursuant to 28 U.S.C. § 1915(e)(2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| December 18, 2023 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson<br>United States District Judge |